In the Matter of the Application of·HERMAN BRANDT, Petitioner, for a Certiorari Order against JAMES A. BEHA, as Superintendent of Insurance of the State of New York, Respondent.

First Department, June 4, 1926.

Insurance — agents — certiorari to review determination of Superintendent of Insurance that petitioner, life insurance agent, had violated Insurance Law, § 60 — said section prohibits false statements of fact or incomplete comparison of policies to induce insured to change from one company to another — evidence does not show violation.

On certiorari to review the determination of the State Superintendent of Insurance that the petitioner, a life insurance agent, violated section 60 of the Insurance Law which prohibits misrepresentation or misstatements of fact or incomplete comparison of policies for the purpose of inducing the insured to change from one insurance company to another, the evidence does not sustain the order of the Superintendent of Insurance and there is nothing in the record that the petitioner violated the provisions of section 60 of the Insurance Law.

CERTIORARI ORDER granted out of the Supreme Court on the 5th day of October, 1925, at the New York Special Term, directed to James A. Beha, as Superintendent of Insurance of the State of New York, commanding him to certify and return to the office of the clerk of the county of New York all and singular his proceedings had with reference to certain charges against the petitioner.

*Leon Kauffman* of counsel, for the petitioner.

*Henry S. Manley, Deputy Attorney-General,* of counsel [*Albert Ottinger, Attorney-General*], for the respondent.

FINCH, J. This is a certiorari order presenting for review the determination of thé Superintendent of Insurance with reference to charges against the petitioner. The petitioner is a life insurance agent and was charged with a violation of section 60 of the Insurance Law (as amd. by Laws of 1923,. chap. 439), which prohibits misrepresentation or misstatements of fact or incomplete comparison of policies for the purpose of inducing the insured to give up his policy in one insurance company for the purpose of taking insurance in another. In other words, against the practice which is commonly known as " twisting."

The issues presented are: *First,* whether the evidence before the Superintendent sustains his finding that the petitioner was guilty of the offense charged; *second,* whether that determination is a final determination; and *third,* was petitioner's application for a certiorari order timely? With reference to the second and third issues, these already have been passed upon by this court

and determined adversely to the respondent upon a former motion to dismiss the order.    (See 215 App. Div. 708.)

As to whether there was evidence to support the finding that the petitioner was guilty, the record shows that the insured, one Loveman, was interested in a relative of his, who was a subagent of the petitioner Brandt.    Loveman wanted to give some insurance to this relative, and told him that he did not desire additional insurance, but that if he could surrender the policies which he was then carrying and obtain an equivalent amount of insurance in the Northwestern Mutual Life Insurance Company, which was the company represented by said relative of Loveman, without financial loss, he would do so.    This subagent applied to the petitioner Brandt for figures showing what effect such a change would have from the point of view as to whether or not it would be financially beneficial to Loveman.    Brandt submitted figures which showed that the change would effect a saving to Loveman.    Of the policies in question which were carried by Loveman prior to the exchange, one was a policy in the Ætna Life Insurance Company for $5,000 on the twenty-payment life plan, which was a non-participating policy. In addition there were three $5,000 policies of term insurance in the National Life of Montpelier and a $10,000 ordinary life in the same company.    The petitioner had theretofore specifically told Loveman that the National Life was a good company and that he saw no reason for changing his $10,000 ordinary life policy therein.    In so far as the other insurance was concerned, Loveman wanted straight life insurance.    The petitioner advised him that he considered a policy in a participating company to be preferable to one in a non-participating company.    The respondent urges various claims: *First,* that the petitioner was at fault in not advising the said Loveman that he might effect a change of the Ætna policy to the participating plan in the Ætna Company.    The record, however, does not bear out respondent in his claim that there is proof that this information was not given to Loveman.    The answer of the insured to the question whether such information had been given him by the petitioner was: " He may have advised me, but I don't remember that.    *    *    *    He advised me to give up that policy; whether he told me at the time I could change it into that company or not I don't remember."    As this proceeding was judicial in nature, the letters passing between third parties, in which the petitioner had no part, were not binding on him.    *Second,* that there was misrepresentation in the figures submitted by the petitioner as to the amount of the premium of the Ætna policy. It is true that there was some slight error shown by the figures given by the petitioner on his examination in connection with the premium

on the Ætna policy, said figures making said premium appear. to be ten dollars a year more than it actually was. This obviously was a mere inadvertence and was not intentionally done, since the insured knew the amount of the premium which he paid. Moreover, it was specifically testified by Loveman that he was not interested in the particular figures, except to the extent of knowing that he would not lose any money by the change. Similar answers apply with equal force to any slight discrepancy, if any there be, in the surrender value of the Ætna policy. The petitioner asserts that the figures are exactly those listed in the policy. *Third,* that there was a failure to disclose an extra dividend then being paid on the National Life policies. In this connection Loveman was asked whether Brandt told him anything about an extra dividend which was being paid on the National Life policies. This implies that such extra dividend had been paid, but there is no evidence of that fact in this record. The respondent also urges that the petitioner said that the Northwestern policy would be a cheaper one for Loveman to carry than the National Life policy. The respondent wishes this statement taken literally as a comparison only of premiums, but the statement can be taken in connection with the value to Loveman of the money to be derived from the surrender of the Ætna policy, the estimated dividends to be derived and other features which make the record fail to prove that this statement was a misrepresentation.

Under these circumstances it is clear that there was no solicitation of change of policies by the petitioner, or proof that such change was induced by misrepresentations by the petitioner. The petitioner made no attempt to argue with the insured or to persuade him. The latter was eager to proceed with the transaction provided he was not harmed thereby. He was and always has been, so far as this record shows, satisfied with the completed transaction. There was involved herein no incomplete comparison of policies to the disadvantage of the policies being carried, no misstatements of fact or " twisting," as these acts are ordinarily understood. There was thus no violation of section 60 of the Insurance Law. The finding, therefore, by the Superintendent of Insurance that the petitioner was guilty of the charge, cannot be sustained.

It follows that the order of certiorari should be sustained, the determination annulled, and the charge dismissed, with fifty dollars costs and disbursements to the petitioner.

CLARKE, P. J., DOWLING, MCAVOY and WAGNER, JJ., concur.

Order sustained, determination annulled and charge dismissed, with fifty dollars costs and disbursements to the petitioner.